UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X   Docket No.:
CAROL LOPEZ,

                                      Plaintiff,                 **COMPLAINT**

     -against-

THE CITY OF NEW YORK,                                          **PLAINTIFF DEMANDS**
POLICE OFFICER ANTHONY SALINE (SHIELD NO. 12924),  **A TRIAL BY JURY**
AND JOHN DOES 1-4,

                                     Defendants.
---------------------------------------------------------------------------------X

      Plaintiff, CAROL LOPEZ, by her attorney, J. Remy Green of Cohen & Green PLLC, hereby complains of the defendants, upon information and belief, as follows:

### PARTIES, VENUE AND JURISDICTION

1. At all times mentioned herein, plaintiff, Carol Lopez, was a resident of Bronx County, in the State of New York.

2. At all relevant times mentioned herein, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, defendant, Police Officer Anthony Saline (Shield No. 12924), was an adult male employed by the City of New York as a member of the NYPD assigned to the 52nd Precinct of the NYPD. Defendant Saline is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, defendants, John Does 1-4, were adult men employed by the City of New York as members of the NYPD assigned to the 52nd Precinct of the NYPD, and whose names are currently unknown to the Plaintiff. The Doe Defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is proper pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. Plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. This action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

**RELEVANT FACTS**

10. On February 3, 2019, at about 8:00 p.m. plaintiff was lawfully present inside of her apartment unit located at 2527 Valentine Avenue, Bronx, New York.

11. At this time, plaintiff's neighbors notified plaintiff, in sum and substance, that the police were assaulting her son outside.

12. Plaintiff went outside, in front or near of 2527 Valentine Avenue (the "premises").

13. Once outside, plaintiff observed three uniformed members of the NYPD – defendants John Does 1-3 – punching and hitting her son in the backseat of a marked NYPD police car. Plaintiff's son's legs were dangling out of the police car, and her son was screaming for help.

14. Upon seeing the police assault her son, plaintiff yelled out "that's my son!"

15. In response, one of the Doe Defendants who was involved in the assault on plaintiff's son charged towards Plaintiff and, without any warning or legal justification, punched plaintiff on her head.

16. Plaintiff was not involved in any violent, threatening, suspicious, or illegal activity, and there was no justification or excuse for any use of force, much less the use of force employed, on plaintiff.

17. In response to being punched, plaintiff raised her hands above her head with open palms to indicate that she did not have any weapons and had no intention of engaging in any interference or threatening activity.

18. Despite plaintiff's docile response to being punched, the Doe Defendant who punched plaintiff inexplicably ordered Plaintiff to "stop resisting."

19. However, had no point had plaintiff resisted arrest.

20. Nor had plaintiff been placed under arrest at all.

21. At this point, the other two Doe Defendants who were assaulting plaintiff's son also came towards plaintiff.

22. Without any legal justification or excuse, the fourth Doe Defendant grabbed plaintiff and slammed her to the ground and handcuffed plaintiff.

23. After plaintiff was slammed to the ground and handcuffed, the first Doe Defendant who punched plaintiff pulled out his gun and pointed it at plaintiff.

24. Plaintiff was not involved in any activity that would have justified her arrest, and there in fact existed no probable cause to justify plaintiff's arrest or detention.

25. Despite the absence of any probable cause to arrest plaintiff, the defendants placed plaintiff in the back of a police vehicle and transported plaintiff to the station house of the 52nd

Precinct, where plaintiff was held for a number of hours before she was transported to North Central Hospital in the Bronx to receive treatment for the injuries she sustained at the hands of the NYPD.

26. While at North Central Hospital, plaintiff remained in the custody of the NYPD.

27. The defendants then transported plaintiff back to the 52nd Precinct stationhouse, where plaintiff was detained for several additional hours before she was transported to Bronx County Central Booking where she was held in custody for an additional number of hours.

28. Plaintiff was arraigned on a criminal complaint containing false allegations provided by defendant Saline.

29. In support of the criminal complaint, defendant Saline made several false allegations, including but not limited to, the following allegations:

> Deponent states that at the above time and place, as he was performing a lawful arrest of a Mr. Brandon Altreche, when Mr. Altreche's mother-the defendant, did begin grabbing hold of him and his colleagues and pulling them away from her son.
>
> Deponent further states that the defendant began pushing and shoving him and his colleagues as they attempted to effect a lawful arrest of defendant's son. Deponent further states that defendant obstructed governmental administration in that defendant interfered with police officers' ability to make said lawful arrest.
>
> Deponent further states that when officers then tried to also arrest the defendant-mother, defendant-mother resisted arrest in that she kicked her legs, flailed her arms and pulled away from the officers. Deponent further states that defendant would not allow her hands to be brought behind her back.

30. These and other allegations were false and defendant Saline knew them to be false when he made them.

31. Defendant Saline forwarded these false allegations to the Bronx County District Attorney's Office despite the false nature of the allegations.

32. Plaintiff was eventually released from custody and forced to return to Court pursuant to the false allegations made by defendant Saline.

33. Plaintiff's charges were eventually dismissed when she acceded to an adjournment in contemplation of dismissal.

34. At no time did defendants have probable cause to seize, detain or arrest the plaintiff, nor to use any force on plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

35. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

36. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
**(Section 1983 False Arrest Claim Against the Individual Defendants)**

37. Plaintiff hereby realleges and incorporates all of the preceding paragraphs as though they were fully set forth herein.

38. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused her to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

39. Plaintiff had not been engaged in any criminal conduct, nor was she engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify her arrest.

40. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

41. By so doing, the individual defendants subjected plaintiff to false arrest and

imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

42. By reason thereof, the individual defendants have violated 42 U.S.C §1983 and caused plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
**(Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)**

43. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

44. The individual defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the Bronx County District Attorneys Office in order to justify the arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of her liberty and to be criminally prosecuted.

45. By so doing, the individual defendants subjected the plaintiff to denial of a fair trial and violation of her right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

46. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## THIRD CAUSE OF ACTION
**(Section 1983 Excessive Force Claim Against the Individual Defendants)**

47. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

48. As a result of the foregoing, defendants subjected plaintiff to excessive force, in part, by punching her in the head, slamming her to the ground, and causing her to suffer injuries requiring medical attention and treatment, with no legal basis, justification or excuse.

49. As a result of the defendants' conduct, the plaintiff was subjected to a level of force by the defendants in excess of what was reasonable under the circumstances.

50. As a result of the foregoing, plaintiff's liberty was restricted and she was put in fear for her physical safety without probable cause or any legal justification, and she was physically injured.

**FOURTH CAUSE OF ACTION**
**(Section 1983 *Monell* Claim Against the Municipal Defendant)**

51. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

52. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

53. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, excessive force, and fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

54. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including

their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

55. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, excessive force, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

56. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

57. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

58. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

59. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

60. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

61. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

### Fifth Cause of Action
### (Civil Rights Violations Pursuant to New York State Law
### Against the Individual and Municipal Defendants)

62. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

63. Plaintiff was subjected to false arrest, excessive force, denial of due process and fair trial, through the defendants' use of unreasonable force, fabricated evidence and the making of false statements.

64. At no time did defendants have any legal basis for arresting plaintiff, subjecting her to prosecution, or commencing criminal process against her, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

65. The defendants are therefore liable under New York law to plaintiff for false arrest, excessive force, denial of due process and fair trial.

66. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the individual defendants and the City of New York as follows:

i.  actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
March 23, 2020

J. REMY GREEN

By: _____/s/_____

Cohen & Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385
Tel.: 929-888-9480
remy@femmelaw.com