

# COHEN&GREEN

April 9, 2020

Hon. Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

*Plaintiff's request to serve the individual defendant by email to either (1) the temporary email address established by the New York City Law Department or (2) the NYPD Director of civil matters is DENIED.*

*4/9/2020*

LEWIS J. LIMAN
United States District Judge

Re:   **Lopez v. The City of New York, et al.,**
       **20 CV 2502 (LJL)(BCM)**
       *Request to Serve Individual Defendant By Alternative Service*

Your Honor:

This firm represents the Plaintiff. Plaintiff writes to respectfully request an Order, in light of the current COVID-19 pandemic public health emergency, allowing Plaintiff to serve the individual Defendant, Police Officer Anthony Saline, by email to either (1) the temporary email address established by the New York City Law Department for Service Upon the City of New York, ServiceECF@law.nyc.gov, or (2) the NYPD Director of civil matters.[1] Plaintiff also requests that the Court direct the Defendant City to provide Plaintiff with the name of the individual currently holding Elizabeth Daitz's position. In accordance with Section 1.B. of Your Honor's Individual Rules of Practice, on April 8, 2020, I conferred with ACC Zachary Kalmbach, the attorney assigned to the defense of this case on behalf of the City of New York ("City"), by email and telephone. The Defendant, City of New York, takes the following position regarding Plaintiff's request: "Defendant City of New York does not consent to this request, and intends to file a letter in opposition to plaintiff's application."

In *Ransome v. Epstein*, 2018 U.S. Dist. LEXIS 15295, at *2-3 (S.D.N.Y. Jan. 30, 2018), Judge Koeltl described the Court's general authority to direct and approve alternative service:

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant by following the procedures set forth by state law in the state

---

[1] Upon information and belief, until recently, attorney Elizabeth Daitz held this position. It is my understanding that Daitz is currently on sabbatical.  As such, I have asked attorney Kalmbach to provide me with the name and email address of the attorney currently holding Daitz's position. Upon information and belief, attorney Laura Mulle (email address: Laura.Mulle@nypd.org) currently holds this position, though attorney Kalmbach has not confirmed this information as of the filing of this letter.



where the district court is located. New York Civil Practice Law and Rules Section 308 sets forth available methods of service. Where service under §§ 308(1), (2), or (4) – which generally provide variants of personal service – is impracticable, § 308(5) provides that the Court may approve alternative service methods. See, e.g., *Rampersad v. Deutsche Bank Sec, Inc.*, No. 02-cv-7311(LTS)(AJP), 2003 U.S. Dist. LEXIS 7861, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003). Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require a showing of due diligence. *Id.*

*Id.*

While the City was served by email at a temporary service email address on March 25, 2020 (ECF No. 8), service on Officer Saline remains outstanding.  The Law Department's notice to the public on its website announcing the temporary service email address is annexed hereto as **Exhibit 1** (and can be found here https://www1.nyc.gov/site/law/index.page).  That notice states in relevant part: "Please note that service will be accepted via this method only for the City of New York and entities for which the Law Department is authorized to accept service. **Service of process on individuals should continue to proceed in manner required by applicable law**." (emphasis in original).  Applicable law allows the Court the discretion to order the alternative service sought herein.

Service of process at NYPD precinct stationhouses – the defendant-officer's actual place of business – is impracticable at this juncture due to the Coronavirus and the social distancing mandates.  According to last week's local news, more than 1,000 members of the NYPD presently have the virus.[2]  Further, as the Court is likely aware, the Law Department regularly receives requests for representation from virtually every member of the NYPD who is sued for civil rights violations (and will almost always represent such officers). The Law Department has the unique ability to communicate and coordinate with City agencies, such as the NYPD, and their employees.  Thus, Plaintiff's proposed methods of alternative service are a reasonable alternative to traditional service of process.

Since the City was served, I have been in contact with Zachary Kalmbach, the ACC assigned to the defense of this case for the City.  On March 31, 2020, in response to my inquiry, ACC Kalmbach informed me that the "individual officer still must be physically served." However, ACC Kalmbach has not provided the basis for his understanding that the individual Defendant is still insisting on personal service.  Indeed, ACC Kalmbach does not represent this individual.

---

[2] https://www.cnbc.com/2020/04/01/more-than-1000-new-york-city-police-officers-are-infected-with-coronavirus.html

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



At least one other Court has granted a similar application.  On April 4, 2020, the Honorable Robert M. Levy in the Eastern District issued an Order in 20 CV 1235 (RPK)(RML) "granting [6] Motion for Pandemic-Related Alternative Service as described in the application." That application requested permission allowing the plaintiff to serve "two presently identified individual [police officer] Defendants … via email to either (1) the temporary email address established by the New York City Law Department for Service upon the City of New York, ServiceECF@law.nyc.gov, or (2) Elizabeth Daitz, NYPD, Director of civil matters at Elizabeth.Daitz@nypd.org."[3]  Plaintiff here requests the same relief in this case.

In light of the foregoing, Plaintiff respectfully requests an Order allowing Plaintiff to serve the individual Defendant, Police Officer Anthony Saline, by email to either (1) the temporary email address established by the New York City Law Department for Service Upon the City of New York, ServiceECF@law.nyc.gov, or (2) the NYPD Director of civil matters. Plaintiff also requests that the Court direct the defendant City to provide Plaintiff with the name of the individual currently holding Elizabeth Daitz's position.

Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

/S/

Jessica Massimi

---

[3] The City has since filed a motion to reconsider Judge Levy's decision.

COHEN&GREEN                                                                 Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Menu


**New York City**
**Law Department**

Search

# New York City Law Department

Service of Process

In light of Governor Cuomo's Executive Order 202.8 tolling the period for service of process until April 19, 2020, the service window for the City of New York located at 100 Church Street, New York, New York 10007 is closed.  During this period, we have established an email address where the Law Department is now accepting service. The newly established email address for service is ServiceECF@law.nyc.gov.  Please note that service will be accepted via this method only for the City of New York and entities for which the Law Department is authorized to accept service. **Service of process on individuals should continue to proceed in manner required by applicable law.**

Every day the New York City Law Department's approximately 1,000 lawyers and 890 support professionals work collaboratively to pursue justice while providing the City with the highest quality legal representation. The Law Department represents the City, the Mayor, other elected officials, and the City's many agencies in all affirmative and defensive civil litigation, as well as juvenile delinquency proceedings brought in Family Court and Administrative Code enforcement proceedings brought in Criminal Court.

Law Department attorneys draft and review local and State legislation, real estate leases, procurement contracts, and financial instruments for the sale of municipal bonds. The Department also provides legal counsel to City officials on a wide range of issues such as immigration, education, and environmental policy. There is rarely a major City initiative that is not molded by the Law Department's staff.

Learn more about the NYC Law Department

**Legal Resources**

- Access to City Property
- Americans with Disability Act Notice of Rights
- In Re McCray (Central Park Jogger Case)
- Laws of the City of New York
- Minority and Women-owned Business Enterprise
- New York City False Claims Act
- NYC Administrative Code § 7-113: Civil Actions Regarding the Department of Corrections
- NYC Administrative Code § 7-114: Civil Actions Regarding the Police Department
- Procurement Information
- Tax Certiorari Information