

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **GEORGIA E. PESTANA**<br>*Acting Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ZACHARY KALMBACH**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2322<br>Fax: (212) 356-3509<br>Email: zkalmbac@law.nyc.gov |

June 14, 2021

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Carol Lopez et al. v. City of New York, et al.</u>,
      20 Civ. 2502 (LJL)

Your Honor:

  I represent defendants the City of New York (the "City") and Officer Saline in the above-referenced matter. Pursuant to § 4(B) of Your Honor's Individual Rules, defendants write to respectfully request that the Court bifurcate <u>Monell</u> discovery in this matter. In the alternative, defendants respectfully request leave to file a Rule 12(c) motion to dismiss plaintiff's <u>Monell</u> claim, and respectfully request that the Court stay <u>Monell</u> discovery pending resolution of their motion to dismiss. The parties have met and conferred on the issue of bifurcation on multiple occasions, but were unable to resolve this matter.

  **I.** **Background**

  Plaintiff brings this § 1983 action, alleging claims of, *inter alia*, false arrest, denial of the right to a fair trial, excessive force, and municipal liability in connection with plaintiff's arrest on February 3, 2019. An Initial Conference was held on May 12, 2021, during which the Court directed defendants to file their motion to bifurcate <u>Monell</u> discovery by June 2, 2021. On May 25, 2021, upon defendants' application, the Court extended the deadline for defendants to file their motion, if any, to June 25, 2021 (ECF No. 33). On May 26, 2021, plaintiff served her initial Document Requests, which included, *inter alia*, the following requests:

  <u>Document Request No. 11:</u> "All documents reflecting the substance of the NYPD training in place on the date of the Incident in the Training Topics."

  <u>Document Request No. 26:</u> "Any NYPD Legal Bureau Bulletins, internal NYPD Memoranda, or other records reflecting the NYPD's official policies on the date of the Incident concerning the Training Topics."

  Plaintiff defines "Training Topics" to mean:

> "[T]raining NYPD officers receive that touch on any of the listed subjects: including false statements in arrest paperwork; appropriate levels of force during an arrest; probable cause to arrest for interference in police activities; the need for police activity to be lawful to arrest for obstructing government administration or similar offenses; the need for underlying probable cause before using any force; de-escalation of tense or violent confrontations or encounters; and any other training Defendants believe would be relevant to the Incident[.]"[1]

After receiving plaintiff's Document Requests, defendants offered to refrain from moving to bifurcate if plaintiff agreed to: (1) withdraw Document Request Nos. 11 and 26; or (2) limit those two requests to documents pertaining to relevant training actually received by the individual defendants and relevant NYPD policies of which the individual defendants would have actually been aware and which applied to their alleged conduct here (*i.e.*, certain NYPD Patrol Guide provisions), as documents and information beyond those limitations can only be relevant to plaintiff's Monell claim. Plaintiff declined, thus necessitating the instant motion.

## II.     The Court Should Bifurcate Monell Discovery

The Court should allow the parties to proceed solely on discovery on the underlying claims prior to proceeding with costly and potentially unnecessary Monell discovery. Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation "may be appropriate where . . . the litigation of the first issue might eliminate the need to litigate the second issue." Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999) (internal citation omitted). "This practice makes sense, because in order to establish liability against municipal defendants in a Monell claim, a plaintiff must prove both that he suffered a constitutional violation and that the constitutional harm suffered was a result of a municipal policy or custom." Brown v. City of New York, No. 13 Civ. 6912 (TPG), 2016 U.S. Dist. LEXIS 18670, at *4 (S.D.N.Y. Feb. 16, 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978)). Indeed, as "[t]he overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a Monell claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the Monell claim separately and to stay discovery concerning this claim until the liability of the individual defendants is established." Morales v. Irizarry, No. 95 Civ. 5068 (AGS) (HBP), 1996 U.S. Dist. LEXIS 15613, at *3 (S.D.N.Y. Oct. 17, 1996); see Mineo v. City of New York, No. 09 CV 2261, 2013 U.S. Dist. LEXIS 46953, at *4 (E.D.N.Y. Mar. 29, 2013) ("Courts in this Circuit favor bifurcating Monell claims.")

As an initial matter, defendants emphasize that *any* Monell discovery is very likely to be a waste of time, as it is clear from the Complaint that plaintiff's Monell claim will not succeed.[2] As pled, plaintiff's Monell claim merely repeats boilerplate language routinely used by plaintiff's counsel in cases against the City—without *any* accompanying factual allegations. See

---

[1] Defendants note that, as Requests 11 and 26 are part of plaintiff's initial set of Document Requests, it is entirely possible that plaintiff serves additional Monell requests later in discovery.

[2] In an effort to conserve judicial resources, and in light of the fact that discovery is rarely actually pursued on these type of boilerplate Monell claims, defendants did not move to dismiss the claim under Rule 12(b)(6).

e.g., Gavin v. City of New York, et al., No. 20 Civ. 8163 (JPO), ECF No. 1;³ Sergent v. City of New York, et al., No. 20 Civ. 8161 (VSB), ECF No. 1; Parkinson v. City of New York, et al., No. 21 Civ. 4113 (JPC), ECF No. 1. Even if plaintiff had bothered to include even a single factual allegation in support of her Monell claim, it would still fail, as a single incident of alleged misconduct is not sufficient to establish municipal liability.⁴ See, e.g., Hayes v. Perotta, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010) (A "custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government].") As a matter of principle, the Court should not allow Monell discovery to proceed at this stage on the basis of such a weak claim. Nevertheless, because plaintiff's Monell claim is not worth the expenditure of *any* time or resources, in the event the Court declines to bifurcate discovery, defendants respectfully request leave to dismiss the claim pursuant to Rule 12(c) and stay any Monell discovery pending the motion to dismiss. As trial would not be delayed by such a simple 12(c) motion, defendants respectfully submit that leave should be granted.

Additionally, Monell discovery "is likely to be expensive and time-consuming, and it will all be for naught if Plaintiff fails to prove an underlying constitutional violation." Lynch v. City of New York, No. 16 Civ. 7355 (LAP), 2020 U.S. Dist. LEXIS 123533, at *9 (S.D.N.Y. July 14, 2020). Plaintiff requests: (1) "*all* documents" pertaining to the training of *all* NYPD officers on at least six broad topics (and includes a catch-all for "any other training" defendants believe to be relevant); (2) and *all* NYPD "Legal Bureau Bulletins, internal NYPD Memoranda, or other records" which "reflect[]" the NYPD's policies on the plethora of "training topics." These requests undoubtedly call for the production of numerous documents that have no relation to the individual defendants' conduct here, and thus can only be relevant to plaintiff's Monell claim. In order to produce documents responsive to these requests, defendants would be required to undertake the onerous task of, *inter alia*, identifying, obtaining, and producing every single document pertaining to training—including, for example, syllabi, instructor notes, PowerPoint slides, and lesson plans—in six very broad topics (plus "any other . . . relevant" training materials), notwithstanding whether the individual defendants ever received the trainings.⁵ Moreover, defendants would be required to locate every single "Memoranda," "Legal Bureau Bulletin," and "other record" which "reflects" NYPD policies relating to the six broad "training topics" as of the date of the incident.

---

³ Faced with a motion to dismiss the exact same Monell claim in Gavin, plaintiff's counsel amended the claim (ECF No. 22). A motion to dismiss the amended Monell claim is pending (ECF No. 26).

⁴ Defendants also note that plaintiff's Monell claim is heavily premised on her denial of the right to a fair trial claim, which is exceedingly likely to be dismissed on summary judgment. That is, plaintiff acceded to an Adjournment in Contemplation of Dismissal ("ACD"), which does not satisfy the "favorable termination" element of fair trial claims. See McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019) (A plaintiff cannot pursue her "fabricated-evidence claim under § 1983 prior to favorable termination of [her] prosecution[,]" at which time the claim accrues.); see also Corso v. Calle-Palomeque, No. 17 Civ. 6096 (NRB), 2020 U.S. Dist. LEXIS 91882, at *15 (S.D.N.Y. May 26, 2020) ("[P]ost-McDonough, favorable termination is a required element of fabricated evidence claims . . . in light of the Supreme Court's reasoning in McDonough, an ACD is not a 'favorable termination' for purposed of proving a § 1983 fair trial claim.")

⁵ Plaintiff has insisted that, for purposes of this motion, defendants identify and quantify the exact training documents which exist and which pertain to training the individual defendants did not receive. In order to do so, defendants would be required to obtain every NYPD training document in existence pertaining to the six broad topics, and then compare those documents to the training received by the individual defendants (which defendants have not yet received). Obtaining the entire universe of training documents would constitute Monell discovery in and of itself, which is not appropriate at this stage.

This would be exceedingly burdensome. As just one example, in order to respond to Request 26 as written, defendants would be required to conduct an extensive review of communications between members of the NYPD Legal Bureau and other policy-makers, which would then require extensive redactions prior to production. Accordingly, it is clear that <u>Monell</u> discovery would be burdensome in this case. Because <u>Monell</u> discovery may be unnecessary, principles of judicial economy are best served by tightly focusing discovery on plaintiff's underlying claims, which should be relatively simple given that plaintiff's allegations arise from a single incident.

Additionally, while plaintiff will not suffer any prejudice by bifurcation, individual defendants in cases involving <u>Monell</u> claims face a substantial risk of unfair prejudice in the absence of bifurcation. <u>See</u> <u>Ismail v. Cohen</u>, 706 F. Supp. 243, 251 (S.D.N.Y. 1989) ("there is a danger that evidence admissible on the issues relating to conduct by the City or [the individual officers] will 'contaminate' the mind of the finder of fact in its consideration of the liability of the other defendant"); <u>see also</u> <u>Fisher v. New York</u>, No. 90 Civ. 8163 (LJF), 1992 U.S. Dist. LEXIS 3436, at *5 (S.D.N.Y. Mar. 20, 1992) (finding the "possibility of prejudice and jury confusion [to be] substantial here" in a § 1983 police case involving individual and municipal defendants). In the instant case, Officer Saline—and any yet-unidentified-officers whom plaintiff purports violated her constitutional rights—stand to face substantial prejudice at trial should plaintiff's <u>Monell</u> claim not be bifurcated. In order for plaintiff to litigate a <u>Monell</u> claim at trial, she will necessarily have to proffer evidence, should it exist, of other instances of misconduct and mistreatment of individuals under similar circumstances. Further, a trial of the underlying incident in conjunction with a trial of the <u>Monell</u> claims may cause a jury to consider <u>Monell</u> evidence as probative of the conduct of the individual defendants with respect to the discrete events involving plaintiff. This demonstrates a clear risk of prejudice to the individual defendants if plaintiff's <u>Monell</u> claim is not bifurcated.

Finally, defendants anticipate that plaintiff will argue against bifurcation by claiming that it would allow defendants to surprise plaintiff on summary judgment or at trial by presenting evidence of (1) training not received by the individual defendants; or (2) policies beyond the Patrol Guide. This purported concern is disingenuous, as the Federal Rules already require that defendants disclose documents they may use to support their claims or defenses.

Accordingly, defendants respectfully request that the Court bifurcate <u>Monell</u> discovery pursuant to Rule 42(b) or, in the alternative, grant defendants leave to move to dismiss plaintiff's <u>Monell</u> claim pursuant to Rule 12(c). Defendants thank the Court for its time and consideration in this matter.

        Respectfully submitted,

        /s/ *Zachary Kalmbach*
        Zachary Kalmbach
        *Assistant Corporation Counsel*

cc: **Via ECF**
    J. Remy Green, Esq.
    Jessica Massimi, Esq.
    *Attorneys for plaintiff*