USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   :
CAROL LOPEZ,   :
   :
                           Plaintiff,   :
   :   20-cv-2502 (LJL)
          -v-   :
   :   MEMORANDUM AND
THE CITY OF NEW YORK, et al.,   :   ORDER
   :
                      Defendants.   :
   :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The City of New York (the "City") and Police Officer Anthony Saline ("Saline," together "Defendants") move to bifurcate discovery related to Plaintiff's municipal liability claims under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Dkt. No. 37. Defendants argue that *Monell* discovery would be "costly and potentially unnecessary," and that the Court should bifurcate discovery in the interests of convenience. *Id.* at 2. Defendants further argue that Saline and the other "yet-unidentified-officers" may be prejudiced by evidence introduced to advance Plaintiff's *Monell* claim. *Id.* at 2, 4. For the following reasons, the motion to bifurcate discovery is denied.

      The Court begins with the general proposition that for each claim, a party ordinarily is entitled to discovery regarding "any nonprivileged matter that is relevant to [the] party's claim . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Schlagenhauf v. Holder,* 379 U.S. 104, 114 (1964) (noting "the basic premise that the deposition-discovery rules are to be accorded a broad and liberal treatment") (internal citations and quotations omitted). Liberal discovery is necessary because "[m]utual knowledge of all the relevant facts gathered by

both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); see also *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165 (2d Cir. 2003) (emphasizing the "strong policy considerations favoring full and complete discovery"). Discovery procedures are designed to facilitate "the just, speedy, and inexpensive determination of [the] action" to which the Federal Rules are committed. Fed. R. Civ. P. 1.

While parties retain the right to discovery, "[i]t is equally well-settled that upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Integrated Sys. and Power, Inc. v. Honeywell Int'l, Inc.,* 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). In determining whether to stay discovery, a court should weigh, "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting *Country Club of Fairfield, Inc. v. N.H. Ins. Co.*, 2014 WL 3895923, at *3 (D. Conn. Aug. 4, 2014)). Moreover, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, [the Court] may order a separate trial of any claim." Fed. R. Civ. P. 42(b). The party seeking a stay or a bifurcation "bears the burden of demonstrating good cause." *Roper v. City of New York*, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017); *Thrower v. Pozzi*, 2002 WL 91612, at *6 (S.D.N.Y. Jan. 24, 2002) ("[t]he party moving for bifurcation bears the burden of demonstrating that bifurcation is warranted").

Defendants cite several Second Circuit cases where courts have opted to bifurcate or stay discovery on *Monell* claims until after the plaintiff established that an individual defendant violated the plaintiff's constitutional rights. *See e.g. Ricciuti v. N.Y.C. Transit Auth.*, 796 F.

Supp. 84 (S.D.N.Y. 1992); *Brown v. City of New York*, 2016 WL 616396 (S.D.N.Y. Feb. 16, 2016); *Mineo v. City of New York*, 2013 WL 1334322 (E.D.N.Y. Mar. 29, 2013). Courts have cited convenience, efficiency, and prejudicial concerns in deciding to stay or bifurcate discovery. For example, bifurcation may save time and expense by "prevent[ing] a prolonged examination of government policy and custom before trial." *Ricciuti*, 796 F. Supp. at 86. Courts have also found that staying the *Monell* claims may be economical on the theory that "in order to establish liability against municipal defendants in a *Monell* claim, a plaintiff must prove both that he suffered a constitutional violation and that the constitutional harm suffered was a result of a municipal policy or custom." *Brown*, 2016 WL 616396, at *2 (citing *Monell*, 436 U.S. at 694-695 (1978)). Thus, a decision on the individual defendant's liability may foreclose the need to examine the municipality's liability. *Id.* Finally, courts have noted that bifurcation may be necessary to "avoid prejudice to the individual officer." *Mineo*, 2013 WL 1334322, at *1 ("potential evidence of other incidents that may be admissible solely against the City to prove *Monell* liability could dangerously infect the jury's consideration of the individual claim against defendant"). Implicit within Defendants' request for bifurcation of discovery is an assumption that discovery relevant to *Monell* can be neatly divided and separated from discovery relevant to the claims against the individuals.

The Court is not persuaded by these arguments. First, Plaintiff has pleaded a claim for municipal liability and Defendants have not yet moved to dismiss it. *Cf. Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("[i]n some circumstances, a *pending* motion to dismiss may constitute "good cause" for a protective order staying discovery") (emphasis added). At this stage and in advance of briefing, the Court cannot decide that the *Monell* claim is without merit much less that it is so clearly without merit that

discovery should not be permitted.  *See, e.g., Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021) (noting there must be a "strong showing that [the party moving for the stay] is likely to succeed on the merits") (quoting *Hong Leong Finance Ltd. (Singapore)*, 297 F.R.D. at 72).  Thus, there is no reason that Plaintiff should not have the opportunity that all litigants before this Court ordinarily have -- to use the means provided by the Federal Rules to try to prove his claim.  The examination of governmental policy and custom necessary to prove up a *Monell* claim is not, under the law, an independent harm against which the Court must protect; it is a consequence of the standards set forth by the Supreme Court for the establishment of municipal liability.  If discovery will lead to an examination of government policy, that is simply be a function of the fact that a complaint challenges government policy and that the Rules entitle all parties (within limits) to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b); *see  Lucas v. New York City*, 1995 WL 675477, at *2 (S.D.N.Y. Nov. 14, 1995) (denying municipality's motion to dismiss *Monell* claims where the plaintiff adequately alleged the existence of discriminatory government practices).  To the extent that discovery requests are "burdensome," Dkt. No. 37 at 3, or constitute fishing expeditions, the Court can address those issues through Rule 26(b). *See, e.g.*, *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) (affirming the court's authority under Rule 26(b)(1) to deny discovery requests which "amount to nothing more than a fishing expedition"); *Surles v. Air France*, 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001) (same); *Anvik Corp. v. Samsung Electronics*, 2009 WL 10695623, at *2 (S.D.N.Y. Sept. 16, 2009) (same).

Second, a successful defense by the individual defendants does not necessarily preclude a successful claim against the municipality.   The conclusion that an individual defendant is not

liable need not foreclose the need to examine the municipality's liability – the municipality may be liable all the same and discovery into the governmental policy and custom may still be necessary. "[U]nder *Monell* municipal liability for constitutional injuries may be found to exist even *in the absence* of individual liability." *McCoy v. City of New York*, 2008 WL 3884388, at *1 (E.D.N.Y. 2008). That is because an individual who violates another's rights may still be qualifiedly immune from civil liability.[1] Even if an individual defendant ultimately prevailed on the claim that he did not commit a constitutional tort and that tort was the sole basis for municipal liability, that would not necessarily prevent both lines of discovery from occurring simultaneously. *Republic of Turkey*, 316 F. Supp. 3d at 677 (noting the party moving for discovery to be stayed is required to show a *burden* in response to the request).

Third, concerns regarding evidence that would be admissible against one defendant which would prejudice other defendants can be addressed when the Court considers how to conduct trial. *Alli v. Steward-Bowden*, 2013 WL 5229995, at *1 (S.D.N.Y. Sept. 17, 2013) (emphasizing the drawbacks of an "early bifurcation" on discovery and trial development). The potential prejudice faced by the individual defendants in this case does not justify staying or staging municipal discovery.

Under Rule 26(b), "[a] district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir.2008). Courts utilize this broad discretion to ensure that each party is "afforded a meaningful opportunity to establish the facts necessary to support his claim." *In re Agent Orange Prod. Liability Litig.*, 517

---

[1] In addition, a municipality may be found liable for constitutional violations under Section 1983 even in the absence of individual liability of any of the named defendants if, for example, the constitutional violation as caused at least in part by some other individual or entity not named as a defendant. *See Barrett v. Orange Cnty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999).

F.3d at 103 (citing *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)). This Court is not persuaded by Defendants' argument that discovery related to *Monell* claims should be treated differently from discovery related to other claims. Indeed, the very purpose of discovery for *all* claims "is to provide both parties with information essential to proper litigation of all the facts." *Spencer v. International Shoppes, Inc.*, 2011 WL 3625582, at *2 (E.D.N.Y. Aug. 16, 2011) (quoting *Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 361 (E.D.N.Y. 1997)). As the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts," *Apicella v. McNeil Labs.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975), Defendants' issues with respect to the scope of discovery at this stage are best dealt with pursuant to the standards under Federal Rule of Civil Procedure 26(b) rather than through a stay or bifurcation of discovery.

In the alternative, Defendants request leave to file a Rule 12(c) motion for judgment on the pleadings, and to stay all discovery related to the *Monell* issue pending resolution of this motion. *Id.* at 1.[2] Defendants' request for leave to file a Rule 12(c) motion is granted. For the reasons that have been stated, the Court will not stay discovery in advance of the filing of that motion but Defendants may renew their request in connection with the motion for judgment.

SO ORDERED.

Dated: July 1, 2021
    New York, New York

                                                   LEWIS J. LIMAN
                                                   United States District Judge

---

[2] Defendants refer to their alternative request to file a Rule 12(c) motion as a request to file a "motion to dismiss." Dkt. No. 37 at 1, 4. However, the Court construes their request, pursuant to Rule 12(c), as a motion for judgment on the pleadings.