UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CAROL LOPEZ,

                                                     Plaintiff,

                          -against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY SALINE (SHIELD NO. 12924), POLICE
OFFICER WILLIAM GONZALEZ (TAX NO. 964531),
POLICE OFFICER CRYSTAL DONES (TAX NO.
964644), POLICE OFFICER STEVEN TORRES (TAX
NO. 962846), AND JOHN DOES 1-4,

                                                     Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANTS ANTHONY SALINE, CRYSTAL DONES, STEVEN TORRES AND WILLIAM GONZALEZ**

20 Civ. 2502 (LJL)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------- x

        Defendants Anthony Saline, Crystal Dones, Steven Torres, and William Gonzalez (collectively, the "defendants"), by their attorney Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:[1]

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the First Amended Complaint.

        2.    In response to the allegations set forth in paragraph "2" of the First Amended Complaint, admit only that the City of New York is a municipal corporation incorporated under the law of the State of New York, and that the City maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code

---

[1] Defendant City of New York (the "City") has moved to dismiss plaintiff's claims against it. As such, defendants Saline, Dones, Gonzalez, and Torres do not respond to paragraphs 48 through 66 and 81 through 91 of the First Amended Complaint here, as the allegations therein pertain only to the City.

for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

3. Deny the allegations set forth in Paragraph "3" of the First Amended Complaint, except admit that defendant Saline was an adult man employed by the City as a member of the NYPD, and assigned to the 52nd Precinct, on or about February 3, 2019. Defendants further admit that plaintiff purports to proceed as stated therein.

4. Deny the allegations set forth in Paragraph "4" of the First Amended Complaint, except admit that defendant Gonzalez was an adult man employed by the City as a member of the NYPD, and assigned to the 52nd Precinct, on or about February 3, 2019. Defendants further admit that plaintiff purports to proceed as stated therein.

5. Deny the allegations set forth in Paragraph "5" of the First Amended Complaint, except admit that defendant Dones was an adult woman employed by the City as a member of the NYPD, and assigned to the 52nd Precinct, on or about February 3, 2019. Defendants further admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in Paragraph "6" of the First Amended Complaint, except admit that defendant Torres was an adult man employed by the City as a member of the NYPD, and assigned to the 52nd Precinct, on or about February 3, 2019. Defendants further admit that plaintiff purports to proceed as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the First Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

8. Deny the allegations set forth in Paragraph "8" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9. Deny the allegations set forth in Paragraph "9" of the First Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

10. Deny the allegations set forth in Paragraph "10" of the First Amended Complaint, except admit that, on or about April 30, 2019, the City received a purported Notice of Claim signed by plaintiff.

11. Deny the allegations set forth in Paragraph "11" of the First Amended Complaint, except admit that, on or about April 30, 2019, the City received a purported Notice of Claim signed by plaintiff and that the claim has not been settled or otherwise resolved.

12. Deny the allegations set forth in Paragraph "12" of the First Amended Complaint, except admit that the First Amended Complaint was filed on March 23, 2020; to the extent that Paragraph "9" sets forth conclusions of law, no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the First Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the First Amended Complaint.

15. Deny the allegations set forth in Paragraph "15" of the First Amended Complaint, except admit that, on February 3, 2019, plaintiff approached NYPD officers in the vicinity of 2527 Valentine Avenue.

16. Deny the allegations set forth in Paragraph "16" of the First Amended Complaint.

17. Deny the allegations set forth in Paragraph "17" of the First Amended Complaint.

18. Deny the allegations set forth in Paragraph "18" of the First Amended Complaint, except admit that plaintiff stated that an individual who was arrested on February 3, 2019 was her son.

19. Deny the allegations set forth in Paragraph "19" of the First Amended Complaint.

20. Deny the allegations set forth in Paragraph "20" of the First Amended Complaint.

21. Deny the allegations set forth in Paragraph "21" of the First Amended Complaint.

22. Deny the allegations set forth in Paragraph "22" of the First Amended Complaint.

23. Deny the allegations set forth in Paragraph "23" of the First Amended Complaint.

24. Deny the allegations set forth in Paragraph "24" of the First Amended Complaint, except admit that plaintiff was lawfully arrested on February 3, 2019.

25. Deny the allegations set forth in Paragraph "25" of the First Amended Complaint.

26. Deny the allegations set forth in Paragraph "26" of the First Amended Complaint.

27. Deny the allegations set forth in Paragraph "27" of the First Amended Complaint.

28. Deny the allegations set forth in Paragraph "28" of the First Amended Complaint, except admit that plaintiff was lawfully handcuffed on February 3, 2019.

29. Deny the allegations set forth in Paragraph "29" of the First Amended Complaint.

30. Deny the allegations set forth in Paragraph "30" of the First Amended Complaint.

31. Deny the allegations set forth in Paragraph "31" of the First Amended Complaint, except admit that plaintiff was lawfully arrested on February 3, 2019, and thereafter transported to the 52nd Precinct of the NYPD and then North Central Hospital in the Bronx.

32. Deny the allegations set forth in Paragraph "32" of the First Amended Complaint, except admit that plaintiff was lawfully arrested on February 3, 2019, and subsequently transported to and from North Central Hospital by police officers.

33. Deny the allegations set forth in Paragraph "33" of the First Amended Complaint, except admit that plaintiff was transported to Central Booking.

34. Deny the allegations set forth in Paragraph "34" of the First Amended Complaint, except admit, upon information and belief, that plaintiff was arraigned.

35. Deny the allegations set forth in Paragraph "35" of the First Amended Complaint, and respectfully refer the Court to the document referenced therein for a full recitation of its contents.

36. Deny the allegations set forth in Paragraph "36" of the First Amended Complaint.

37. Deny the allegations set forth in Paragraph "37" of the First Amended Complaint.

38. Deny the allegations set forth in Paragraph "38" of the First Amended Complaint, except admit that defendant Torres arrived at the scene of plaintiff's arrest after plaintiff was lawfully handcuffed.

39. Deny the allegations set forth in Paragraph "39" of the First Amended Complaint, and respectfully refer the Court to the document referenced therein for a full recitation of its contents.

40. Deny the allegations set forth in Paragraph "40" of the First Amended Complaint, and respectfully refer the Court to the document referenced therein for a full recitation of its contents.

41. Deny the allegations set forth in Paragraph "41" of the First Amended Complaint, and respectfully refer the Court to the document referenced therein for a full recitation of its contents.

42. Deny the allegations set forth in Paragraph "42" of the First Amended Complaint.

43. Deny the allegations set forth in Paragraph "43" of the First Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the First Amended Complaint, except admit, upon information and belief, that plaintiff accepted an adjournment in contemplation of dismissal.

45. Deny the allegations set forth in Paragraph "45" of the First Amended Complaint; to the extent Paragraph "45" of the First Amended Complaint sets forth conclusions of law, no response is required.

46. Deny the allegations set forth in Paragraph "46" of the First Amended Complaint.

47. Deny the allegations set forth in Paragraph "47" of the First Amended Complaint; to the extent Paragraph "47" of the First Amended Complaint sets forth conclusions of law, no response is required.

67. In response to Paragraph "67" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding Paragraphs of this pleading as though fully set forth herein.

68. Deny the allegations set forth in Paragraph "68" of the First Amended Complaint; to the extent that Paragraph "68" sets forth conclusions of law, no response is required.

69. Deny the allegations set forth in Paragraph "69" of the First Amended Complaint; to the extent that Paragraph "69" sets forth conclusions of law, no response is required.

70. Deny the allegations set forth in Paragraph "70" of the First Amended Complaint; to the extent that Paragraph "70" sets forth conclusions of law, no response is required.

71. Deny the allegations set forth in Paragraph "71" of the First Amended Complaint; to the extent that Paragraph "71" sets forth conclusions of law, no response is required.

72. Deny the allegations set forth in Paragraph "72" of the First Amended Complaint; to the extent that Paragraph "72" sets forth conclusions of law, no response is required.

73. In response to Paragraph "73" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding Paragraphs of this pleading as though fully set forth herein.

74. Deny the allegations set forth in Paragraph "74" of the First Amended Complaint; to the extent that Paragraph "74" sets forth conclusions of law, no response is required.

75. Deny the allegations set forth in Paragraph "75" of the First Amended Complaint; to the extent that Paragraph "75" sets forth conclusions of law, no response is required.

76. Deny the allegations set forth in Paragraph "76" of the First Amended Complaint; to the extent that Paragraph "76" sets forth conclusions of law, no response is required.

77. In response to Paragraph "77" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding Paragraphs of this pleading as though fully set forth herein.

78. Deny the allegations set forth in Paragraph "78" of the First Amended Complaint; to the extent that Paragraph "78" sets forth conclusions of law, no response is required.

79. Deny the allegations set forth in Paragraph "79" of the First Amended Complaint; to the extent that Paragraph "79" sets forth conclusions of law, no response is required.

80. Deny the allegations set forth in Paragraph "80" of the First Amended Complaint; to the extent that Paragraph "80" sets forth conclusions of law, no response is required.

92. In response to Paragraph "92" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding Paragraphs of this pleading as though fully set forth herein.

93. Deny the allegations set forth in Paragraph "93" of the First Amended Complaint; to the extent that Paragraph "93" sets forth conclusions of law, no response is required.

94. Deny the allegations set forth in Paragraph "94" of the First Amended Complaint; to the extent that Paragraph "94" sets forth conclusions of law, no response is required.

95. Deny the allegations set forth in Paragraph "95" of the First Amended Complaint; to the extent that Paragraph "95" sets forth conclusions of law, no response is required.

96. Deny the allegations set forth in Paragraph "96" of the First Amended Complaint; to the extent that Paragraph "96" sets forth conclusions of law, no response is required.

## FIRST AFFIRMATIVE DEFENSE:

97. The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

98. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

99. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

100. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendants are entitled to government immunity from liability on plaintiff's state law claims.

## FIFTH AFFIRMATIVE DEFENSE:

101. Any injury alleged to have been sustained may have resulted from plaintiff's own culpable or negligent conduct of, *inter alia,* physically interfering in the lawful arrest of her son and resisting police officers' lawful efforts to handcuff her, and/or the intervening culpable

and/or negligent conduct of others, non-parties or third parties for whom defendants are not responsible, and were not the proximate result of any act of defendants.

### SIXTH AFFIRMATIVE DEFENSE:

102. There was probable cause for any arrest, detention, and prosecution because, *inter alia*, plaintiff was observed physically interfering in the lawful arrest of her son and plaintiff subsequently resisted police officers' lawful efforts to handcuff her.

### SEVENTH AFFIRMATIVE DEFENSE:

103. Plaintiff may have failed to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE:

104. Any force used was reasonable under the circumstances because of, *inter alia*, plaintiff's conduct of physically interfering in the lawful arrest of her son and resisting lawful efforts to handcuff her.

### NINTH AFFIRMATIVE DEFENSE:

105. Plaintiff provoked any incident by, *inter alia*, physically interfering in the lawful arrest of her son.

**WHEREFORE,** defendants Anthony Saline, Crystal Dones, William Gonzalez, and Steven Torres request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 29, 2022

>                               HON. SYLVIA HINDS-RADIX
>                               Corporation Counsel of the City of New York
>                               *Attorney for Defendants*
>                               100 Church Street
>                               New York, New York 10007
>                               (212) 356-2332
>
>                         By:   /s/ *Zachary Kalmbach*
>                               Zachary Kalmbach
>                               *Assistant Corporation Counsel*

**TO:**  **BY ECF**
         Jessica Massimi, Esq.
         J. Remy Green, Esq.
         *Attorneys for plaintiff*