

October 11, 2022

Hon. Jennifer L. Rochon, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

<u>By Electronic Filing.</u>

**Re:**   **Carol Lopez v. City of New York, et al., 20-cv-2502-JLR**

Dear Judge Rochon:

My firm represents Plaintiff Carol Lopez in this case. I write jointly with counsel for Defendants, as directed (Dkt. No. 79), to provide the current status of the case. The following numbered items correspond to the Court's Order.

1. All counsel are the same as provided on the docket.

2. This case is, with some bells and whistles, a § 1983 excessive force/false arrest case. As alleged in the complaint, Defendants brutally assaulted Plaintiff after they had brutally arrested her son. Defendants have asserted the standard defenses the City and its employees typically assert in a case of this nature (e.g., justification, qualified immunity, and the like).

3. Jurisdiction is appropriate here because Plaintiff has pled federal claims, so the Court has federal question jurisdiction. Venue is appropriate because the actions at issue took place in this District, and because the City and all Defendants are at home here.

4. The parties had previously asked — and the Court granted – for a *sine die* extension because of the *Monell* discovery issues that could be (and were) mooted by Defendants' motion to dismiss. The parties had a conference in July, and need to propose a new schedule that permits depositions and potential identification of Doe Defendants.

5. There are no conferences currently scheduled.

6. There are no outstanding motions.

7. There are no pending appeals.

8. The parties have exchanged document discovery, but still need to take depositions. No depositions have taken place yet, and both sets of counsel have been extremely busy on the consolidated 2020 protest docket, which has made discovery somewhat slower than it otherwise might be. Additionally, Plaintiff's injuries have required ongoing treatment and



Plaintiff has recently had procedures that she has provided — and will continue to provide — updated releases and treatment records for.

9.  The parties explored settlement with the assistance of a mediator through Local Rule 83.10 (sometimes called the "1983 Plan"), but remained significantly far apart.

10. Given the lack of settlement through the 1983 Plan, a different mediation attempt seems unlikely to be effective at least until discovery closes and/or summary judgment motions are resolved.

11. The parties anticipate a trial of about 4 days.

12. The parties cannot think of anything else, but will let the Court know if they can.

Given the above, the parties would ask the Court to reset the date for the close of fact discovery for 120 days from now (given counsels' other commitments, and given Plaintiff's ongoing treatment), and place a deadline for any motions for summary judgment 30 days thereafter.  As ever, we thank the Court for its time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
COHEN&GREEN P.L.L.C.
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457 ·  FemmeLaw.com